NO. 07-06-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2007

_____

MIRIAM JENNETTE GRANADOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16346-0515; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following an open plea of guilty, Appellant Miriam Jennette Granados was convicted of driving while intoxicated. Electing to have the jury assess punishment, Appellant was

sentenced to 180 days confinement and a $2,000 fine. The clerk's record was filed on January 22, 2007, and the reporter's record has yet to be filed.[1]

The trial court's *Certification of Defendant's Right of Appeal* contained in the clerk's record reflects "the defendant waived the right of appeal." After a careful examination of the clerk's record, this Court determined there is no written waiver by Appellant of the right of appeal. An inquiry by the appellate court clerk to the trial court clerk confirmed that no written waiver exists. We now abate the appeal and remand the cause for an amended certification.

Upon remand, the trial court shall execute an amended certification correctly reflecting whether Appellant has the right of appeal. *See generally Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005) (concluding that an appellate court has the ability to examine a certification for defectiveness and obtain another when appropriate). The amended certification is to be included in a supplemental clerk's record to be filed with the clerk of this Court on or before March 2, 2007.

It is so ordered.

Per Curiam

Do not publish.

---

[1]The due date for the reporter's record is suspended by this abatement. The reporter's record will be due thirty days after reinstatement.